[No. 4880.]

## THOMAS H. BLYTHE *v.* MICHAEL GATELY, EXECUTOR OF THE WILL OF THOMAS J. GATELY, DECEASED.

CONTRACT IN LEASE TO PAY TAXES ON DEMISED PROPERTY.—If, in a lease of real estate for a term of years ending on the 12th day of October, 1874, the lessee covenants to pay all taxes that are assessed on the demised premises during the term, he is bound to pay the taxes of the fiscal year 1874-5, which become a lien on the first Monday in March, 1874, and are assessed between the first Monday in March and the first Monday in July, 1874.

IDEM.—The clause in said lease, at the end of the covenant, "including the taxes for the fiscal year 1873-4," does not have the effect of limiting the covenant, and is to be treated as surplusage.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

On the 12th day of October, 1859, the plaintiff leased to Thomas J. Gately certain lots in San Francisco, for the term of fifteen years commencing on the said day. The lessee covenanted in the lease to pay, the first two years, the yearly rent of thirty-six hundred dollars in equal monthly payments of three hundred dollars each, monthly in advance, on the 12th day of each and every month; the third, fourth and fifth years the yearly rent or sum of forty-eight hundred dollars, payable in monthly installments of four hundred dollars per month; the next following five years the yearly rent or sum of six thousand dollars, payable in monthly installments of five hundred dollars per month; the eleventh year of said term, the yearly rent or sum of six thousand six hundred dollars, payable in monthly installments of five hundred and fifty dollars per month; the twelfth year the yearly rent or sum of seventy-two hundred dollars, payable in monthly installments of six hundred dollars per month; and the last three years of said term the yearly rent or sum of eighty-four hundred dollars, payable in monthly installments of seven hundred dollars per month.·

The lease·contained the covenant with regard to taxes mentioned in the opinion. Between the first Monday in

March and the first Monday in July, 1874, the property
was assessed for taxes, and the amount of the State, city
and county tax was nine thousand four hundred and thirty-
three dollars and ninety cents. The lessee failed to pay the
same, and the lessor paid it to prevent the property from
being sold. The lessee died in 1866, and the defendant
was his executor. This action was brought to recover the
tax. The plaintiff had judgment in the court below, and the
defendant appealed.

The other facts are stated in the opinion.

*Gunnison & Booth,* for the Appellant, argued that it was the
intention of the parties that the lessee should pay only such
taxes as became due and payable while he was in posses-
sion of the demised premises, and that although the rent
was calculated by the civil or calendar year, yet the taxes
were calculated by the fiscal year. They cited *Thompson* v.
*McKay* (41 Cal. 228), and *Morrison* v. *Wilson* (30 Cal. 347).

*H. H. Haight,* for the Respondent.

If there is any ambiguity in the contract, it must be con-
strued most strongly against the party making the covenant
or promise; this is a well-settled and reasonable rule. *Verba
chartarum fortius accipiuntur contra proferentem.* (Broom's
Maxims, 456; 2 Parsons on Contracts, 18 to 21.)

The following clause is decisive of the general intent of
this contract, and is in terms which admit of no quibble
whatever: "The said several rents to be paid, free and
clear of all charges, assessments and payments whatsoever,
assessed or imposed upon the said premises in anywise
whatever, during the continuance of said term." This
shows what the lessor and lessee intended and understood.

By the Court, CROCKETT, J.:

The lease declared upon was for a term of fifteen years,
commencing on the 12th day of October, 1859, and amongst
others contained the following provisions, viz.: That the
rents should be payable, "free and clear of all charges,
assessments and payments whatsoever assessed or imposed

upon the said premises, or any part thereof, in anywise whatsoever, during the continuance of the said term," and that "the said party of the second part (the lessee), his heirs, executors, administrators or assigns, shall and will, at their own proper costs and charges, bear, pay and discharge all such taxes, duties and assessments whatsoever, extraordinary as well as ordinary, as shall or may during the term hereby granted be charged, assessed or imposed upon the said demised premises, including the taxes for the fiscal year 1873–4." The lease expired October 12, 1874, and the lessee having failed to pay the taxes for the fiscal year commencing July 1, 1874, they were paid by the lessor, and the action is to recover the amount so paid from the estate of the lessee. The questions to be determined are, first, whether the taxes for 1874–5 were "charged, assessed or imposed upon the demised premises" during the term, within the true intent of the clauses of the lease above quoted; and second, what effect, if any, is to be given to the words "including the taxes for the fiscal year 1873–4." As to the first point, it is clear, we think, that the taxes for 1874–5 were charged, assessed and imposed upon the land during the term, within the intent of the lease, and should therefore be paid by the lessee, unless the stipulations that the lessee should pay the taxes for 1873–4, should lead to a different conclusion. As the law for the assessment and collection of taxes stood during the fiscal year 1874–5, it was the duty of [the assessor, between the first Mondays in March and July, to assess all real estate, and a lien for the tax attached as of the first Monday in March. Between the first and fourth Mondays of July, it was the duty of the Board of Equalization to equalize the taxes, and the duplicate assessment-roll was then delivered to the collector, who immediately proceeded to collect, and had authority to receive the taxes. If not paid before the first Monday of the succeeding January, they then became delinquent, and five per cent. was added thereto. It is clear from these provisions that the tax on the demised premises for the fiscal year 1874–5 were payable, and had become a lien on the land prior to October 12, 1874, when the lease ex-

pired.   In the language of the lease, the taxes for that year
had been "charged assessed or imposed upon the said de-
mised premises" during the term, and were therefore to be
paid by the lessee, under the express stipulations of the
lease, unless his liability was limited by the words "includ-
ing the taxes for the fiscal year 1873–4."   But these words
cannot have that effect, and must be treated as surplusage.
The utmost force that is claimed for them is, that they raise
an inference that the lessee was not to pay the taxes for the
next succeeding year.   But so vague a presumption cannot
control the specific provisions of the lease.

   Judgment and order affirmed.   Remittitur forthwith.

   Mr. Chief Justice WALLACE did not express an opinion.